[2] It is unclear why the Fourth Circuit elected not to publish these opinions, but what is clear is that they not only said it, but two separate panels said it and ignoring that would be foolish absent a strong reason to do so.
[3] See also United States v. Padilla , 387 F.3d 1087, 1091 (9th Cir. 2004) (holding that "[t]here is no difference in substance between the language quoted in Lewis and that of § 922(g)(1).")
[4] See also United States v. Muir , No. 1:03-cr-162, 2006 WL 288419, at *1-2 (D. Utah Feb. 6, 2006) (denying a motion to dismiss § 922(g)(9) charge because the defendant's MCDV conviction was not expunged until after he was charged with firearm possession); United States v. Oliver , No. 4:07-cr-27, 2008 WL 5484116 (S.D. Miss. Dec. 18, 2008) (same).
[5] See also United States v. Ruiz , 241 F.3d 1157, 1163 (9th Cir. 2001) ("Some constitutional rights are automatically waived by entering an unconditional guilty plea. Such rights include, among others, the right to a jury trial"); Washington v. Sobina , 475 F.3d 162, 165 (3d Cir. 2007) ("It is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues.... This includes many of the most fundamental protections afforded by the Constitution, such as the right to a jury trial....") (citations omitted).
[6] The government points out, and the defendant does not contest, that the defendant's guilty plea in Georgia state court was knowingly and voluntarily entered, and as the Supreme Court has held "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson , 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).
[7] It is worth noting that the defendant's right to a trial was discussed at his initial appearance. Records from the defendant's initial appearance show that he originally intended to proceed with a bench trial. See Gov't Ex. 1. Furthermore, even though the defendant was not explicitly informed of a jury trial right, at his plea hearing the defendant was present while the judge discussed with a number of other defendants the fact that pleading guilty would waive the jury trial right. See Gov't Ex. 2. Finally, the judge also informed the defendant of the fact that he would lose his right to possess a firearm by pleading guilty and the defendant indicated that he understood that consequence. Thus, even though the defendant does not contest the voluntary and knowing nature of his plea, the full record of the defendant's state court proceedings suggest he understood that he was giving up his right to a trial and understood that his guilty plea would also have collateral consequences such as barring his possession of a firearm.
[8] To be sure, Rule 11 of the Federal Rules of Criminal Procedure requires to "address the defendant personally in open court" and "inform the defendant of, and determine that the defendant understands" the jury trial right among others. However, even in the federal system, variance from the requirements of Rule 11 does not automatically invalidate a guilty plea. See Fed. R. Crim. P. 11(h) (recognizing applicability of "harmless error"). See also Sowell v. Bradshaw , 372 F.3d 821, 832, 834 (6th Cir. 2004) (same); United States v. Leja , 448 F.3d 86, 93 (1st Cir. 2006) ("In circuits that have suggested that district courts conduct colloquies as a matter of prudence, the absence of colloquy by itself does not require reversal where the evidence establishes that the defendant's waiver was knowingly and intelligently made."); United States v. Bourque , 933 F.2d 1016, 1991 WL 86895, at *1 (9th Cir. 1991) (unpublished) ("Boykin does not require specific articulation of the right to trial by a jury....").
--------