[Cite as *State v. Ralston*, 2018-Ohio-4946.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-P-0095** |
| MEGAN C. RALSTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2017 CR 0760 D.

Judgment: Reversed and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Shubhra N. Agarwal,* 3732 Fishcreek Road, #288, Stow, OH 44224 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Megan Ralston, appeals from the judgment of the Portage County Court of Common Pleas convicting her of aggravated possession of drugs following her plea of guilty. At issue is whether a court strictly complies with the requirements of Crim.R. 11(C) if it orally advises a defendant that she is entitled to a trial, but does not expressly state that it would be a *jury* trial. For the following reasons, we reverse the trial court's judgment and remand the matter for further proceedings.

{¶2}   On August 24, 2017, appellant was indicted for aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), a felony of the second degree; aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(c), a felony of the second degree; and falsification, in violation of R.C. 2921.13(A)(3), a misdemeanor of the first degree.

{¶3}   Ultimately, appellant entered a plea of guilty to an amended count of aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(b).   The remaining counts were nolled.   Appellant was sentenced to three years in prison and ordered to pay a $5,000 fine.   Appellant now appeals, assigning the following as error:

{¶4}   "The trial court committed reversible error in accepting Ms. Ralston's guilty plea on grounds that the trial court failed to comply with Crim.R. 11 during the plea colloquy by not advising her that she had a right to a jury trial."

{¶5}   A guilty plea entered in a criminal case must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions. *Boykin v. Alabama*, 395 U.S. 238, 241 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).   Crim.R. 11 "was adopted to ensure that certain information necessary for entering a knowing, intelligent, and voluntary plea would be conveyed to a defendant."   *State v. Gensert*, 11th Dist. Trumbull No. 2015-T-0084, 2016-Ohio-1163, ¶9. The Ohio Supreme Court has emphasized that a trial court must strictly comply with Crim.R. 11(C) as it relates to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at ¶18, citing *State v. Ballard*, 66 Ohio St.2d 473, 479 (1981). Failure to *literally* comply with the language of Crim.R. 11(C)(2)(c) does not, however, invalidate a plea agreement as long as the record reveals that the trial court explained or referred to the constitutional rights """*in a manner reasonably intelligible to*

2

*that defendant.'"'"* (Emphasis sic.) *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶14, quoting *Veney*, *supra*, at ¶27, quoting *Ballard*, *supra*, at 480.   Still, a trial court must *orally advise* a defendant of the constitutional rights he or she is waiving before accepting a felony plea of guilty.  *Veney*, *supra*, at syllabus. Moreover, the Court in *Veney* made it clear that a court may not rely exclusively upon outside sources to meet its Crim.R. 11(C)(2)(c) duties.  The Court emphasized:

> **{¶6}**   [P]ursuant to the strict-compliance standard set forth in *Ballard,* the trial court must orally inform the defendant of the rights set forth in Crim.R. 11(C)(2)(c) during the plea colloquy for the plea to be valid. Although the trial court may vary slightly from the literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey these rights to the defendant. "We cannot presume a waiver of these * * * important federal rights from a silent record." *Boykin [v. Alabama,* 395 U.S. 238,] 243 [(1969)]. When the record confirms that the trial court failed to perform this duty, the defendant's plea is constitutionally infirm, making it presumptively invalid. See *Ballard,* [*supra,*] at 481; *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, ¶12.  *Veney*, *supra*, at ¶29.

**{¶7}**   In this case, the trial court informed appellant she was waiving her right to a trial.  At no point, however, did the court orally inform appellant she was waiving her right to a *jury* trial or reference a jury during the plea colloquy. We recognize that appellant's written plea of guilty indicated that appellant acknowledged the following: "I have been informed by my Attorney and by the Judge that by pleading guilty I waive the following constitutional rights * * * [m]y right to a jury trial."  The written plea, however, is an outside source upon which the trial court could not solely rely.  Pursuant to *Veney*, appellant's plea is invalid.

**{¶8}**   The state characterizes the omission at issue as an ambiguity in the oral plea colloquy which, pursuant to *Barker*, *supra*, may be clarified by reference to the written waiver.  This construction, however, conflicts with the unequivocal statement of

law in *Veney*, *supra*; namely, "that the court cannot simply rely on other sources to convey [constitutional] rights to the defendant." *Id.* *Veney* makes it additionally clear that it is the trial court's obligation to verbally inform the defendant and obtain an actual knowing, intelligent, and voluntary waiver of his or her rights. By clarifying the alleged ambiguity by reference to the written plea agreement, we are relying exclusively on an outside source and therefore presuming waiver. *See State v. Young*, 11th Dist. Trumbull No. 2009-T-0130, 2011-Ohio-4018 (noting "after *Veney* it is clear that obtaining a signed written waiver is insufficient when the trial court completely omits an explanation of a constitutional right * * *." *Id.* at ¶43).

{¶9} In order to satisfy constitutional due process, there must be some actual indication the trial court orally mentioned a jury would be involved were the matter tried. This does not necessarily mean the reference to a jury must overtly advise a defendant she has a right to a jury trial which she would be waiving by pleading guilty; nevertheless, the reference or statement must meaningfully inform a defendant of the right in a reasonably intelligible fashion. For instance, by indicating "neither a judge nor jury" has the right to pass judgment on a defendant's decision not to testify, a trial court directly implies a defendant is entitled to have the jury adjudicate his or her case. *See Ballard*, *supra*. Similarly, if a court states it would "instruct the jury" that a defendant's decision not to testify cannot be used against that defendant, it stands to reason that the defendant has a right to have a jury consider the merits of the charges he or she is facing. *See State v. Hayward*, 6th Dist. Wood No. WD-17-010, 2017-Ohio-8611. Likewise, when a court advises a defendant that the state will have to prove all elements of the charge(s) to the unanimous satisfaction of a jury, it necessarily follows that the defendant would be entitled to a jury trial if he or she elected to so proceed.

4

*See Young*, *supra* and *State v. Smiddy*, 2d Dist. Clark No. 2014-CA-148, 2015-Ohio-4200. In this case, there was simply no reference to appellant's constitutional right to a jury. As such, we cannot conclude appellant had even implicit notice that she was entitled to a trial by jury and thus we cannot conclude she knowingly, intelligently, and voluntarily waived.

{¶10} We are aware that this court, as well as other courts, have upheld pleas where trial courts included *no* reference to the word "jury" in their plea colloquys. Specifically, in *State v. Gibson*, 11th Dist. Portage No. 2005-P-0066, 2006-Ohio-4182, the defendant signed a written plea of guilty which provided he would be waiving his right to a jury trial. At the plea and sentencing hearing, however, the trial court did not use the word "jury" when referencing the defendant's constitutional rights. Rather, the trial judge asked the defendant if he understood he was "giving up [his] right to a trial when [he] plead[ed] guilty[.]" *Id.* at ¶15. Appellant responded in the affirmative. This court, applying *Ballard*, held the plea colloquy, in conjunction with the written plea, was sufficient to meet the strict compliance standard. *Id.* at ¶29.

{¶11} Similarly, in *State v. DeArmond*, 108 Ohio App.3d 239 (1st Dist.1995), the defendant's written plea explicitly provided that he was waiving his constitutional right to a jury trial. *Id.* at 245. The trial court, however, advised the defendant that he was merely waiving his right to go to trial, omitting the word "jury." The First Appellate District applied *Ballard* and held that a defendant was "meaningfully informed" of his constitutional rights in a manner that was reasonably intelligible to the defendant. *Id.* at 246. Quoting *Ballard*, the court observed: "'[t]o hold otherwise would be to elevate formalistic litany of constitutional rights over the substance of the dialogue

between the trial court and the accused. This is something we are unwilling to do.'" *Id.*, quoting *Ballard*, *supra*, at 480.

{¶12} Also, in *State v. Benjamin*, 8th Dist. Cuyahoga No. 73017, 1998 WL 564037 (Sept. 3, 1998), the Eighth District held that the defendant's guilty plea should not be vacated where the trial court informed him that he had "'a right to a trial'" and that "'we're here for trial in your case.'" *Id.* at *3. The court determined: "[b]ecause the exact language of Crim.R. 11(C) is not required to be used, and because the trial court explained his right in a manner reasonably intelligible to him, defendant was aware and adequately informed of his right to a jury trial." *Id.*

{¶13} *Gibson*, *DeArmond*, and *Benjamin* were decided before *Veney*. In light of the express requirement that a court must orally inform a defendant of his or her constitutional rights and cannot rely exclusively on "other sources" to meet its obligations, we conclude these cases are inconsistent with controlling precedent.

{¶14} To meet the requirements of due process, the trial court must orally advise the defendant of his or her right to a jury trial in a manner reasonably intelligible to that defendant. The trial court failed to do so in this case. Appellant's plea is therefore invalid.

{¶15} Appellant's assignment of error has merit.

{¶16} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is reversed and the matter is remanded.


THOMAS R. WRIGHT, P.J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

6

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶17} I respectfully dissent and would affirm the validity of Megan Ralston's guilty plea.

{¶18} The majority duly notes the several cases which have affirmed guilty pleas despite the trial court's failure to expressly advise the defendant that he is waiving his right to a "*jury* trial" as opposed to merely a "trial." In each of these cases, as in the present case, the defendant's written plea agreement properly qualified the "trial" being waived as a "jury trial."

{¶19} The majority declines to follow this authority, however, on the grounds that, "[a]t no point * * * did the court * * * reference a jury during [Ralston's] plea colloquy." *Supra* at ¶ 7. In other words, an incidental reference to a "jury" somewhere else in the plea colloquy is sufficient to render the plea constitutionally valid. Without such incidental reference, the majority finds the plea invalid, even though the defendant acknowledges, in writing, her knowledge of her right to a "jury" trial.

{¶20} The majority rests its position on the point that "the court cannot simply rely on other sources to convey [constitutional] rights to the defendant." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 29. The majority disregards the equally valid point that "[a]n alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, ***including the written plea***." (Emphasis added.) *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, paragraph two of the syllabus.

{¶21} Here, Ralston was expressly advised by the trial court that she was waiving her right to a trial. The only ambiguity in the colloquy was whether this was a right to a jury trial or a bench trial. Courts are not required to define "trial" for the

7

defendant. Ralston's written plea clarifies any such ambiguity by the qualifying word "jury." Of the essential right, that of a trial, however, Ralston was advised in compliance with Criminal Rule 11 and the constitutional mandate.

{¶22} The federal courts would hold that Ralston was adequately advised of her constitutional rights and would affirm her plea. *State v. Bourque*, 933 F.2d 1016, 1991 WL 86895, *2 (9th Cir.) ("the fact that the Massachusetts sentencing court referred to waiver of the right to 'trial' rather than 'jury trial' when Bourque entered his guilty pleas" did not render "those pleas unknowing and involuntary") (cases cited); *Guillory v. Cain*, W.D.La. No. 6:14-cv-1008, 2014 WL 6909683, *6 (Dec. 5, 2014) ("where it appears the accused was generally advised of his rights, the failure to make an express, specific reference to the right to a jury trial, as opposed simply to a trial, does not invalidate a guilty plea"); *United States v. Locke*, 293 F.Supp.3d 559, 567, fn. 8 (E.D.Vir.2018) ("*Boykin* does not require specific articulation of the right to trial by a jury") (citation omitted).

{¶23} The majority cites no authority for the proposition that Criminal Rule 11 sets a higher standard for what constitutes a voluntary, knowing, and intelligent plea than the standard set by the United States Supreme Court in *Boykin*.

{¶24} For the foregoing reasons, I respectfully dissent and would affirm the decision of the court below.