[Cite as *State v. Antoine*, 2019-Ohio-414.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0009** |
| SHAMAR M. ANTOINE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2017 CR 0727 D.

Judgement: Reversed and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Andrew R. Zellers*, Richard G. Zellers & Associates, Inc., 3695 Boardman Canfield Road, Suite 300, Canfield, OH 44406 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}    Shamar M. Antoine appeals from the November 28, 2017 judgment entry of the Portage County Court of Common Pleas, sentencing him to a total of five years imprisonment for robbery and grand theft. Mr. Antoine contends that at his change of plea hearing, the trial court failed to inform him he was waiving his right to jury trial, and that he had a right to appeal and have appellate counsel appointed. For the reasons following, we reverse and remand.

{¶2}   August 10, 2017, the Portage County Grand Jury indicted Mr. Antoine on two counts of theft, one of burglary, one of grand theft, and one of safecracking. He pleaded not guilty. Discovery and plea negotiations ensued. October 30, 2017, Mr. Antoine pleaded guilty to burglary and grand theft, the state nolling the other charges. The written plea of guilty informed Mr. Antoine he was waiving his right to jury trial, but the trial court simply told him he was waiving his right to trial. The trial court did not inform him of his right to appeal, so consequently, he did not.

{¶3}   On being informed by a fellow inmate that he could move this court to file a delayed appeal, Mr. Antoine did so, and this court granted the motion. Mr. Antoine assigns a single error: "The trial court committed an error when it failed to advise the defendant of his right to a jury trial and his right to counsel on appeal, thus violating his 5th, 6th, and 14th Amendment rights under the U.S. Constitution and his rights under Article I, Section 10 of the Ohio Constitution."

{¶4}   When accepting a plea, a trial court must strictly comply with Crim.R. 11(C)(2)(c) by notifying the defendant of the constitutional rights being waived by entering the plea. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶13-14. This includes the fact that the defendant is waiving the right to trial by jury. Crim.R. 11(C)(2)(c). The right to jury trial is one of the constitutional rights listed at Crim.R. (C)(2)(c): consequently, the trial court was required to inform Mr. Antoine he was waiving, not the right to trial, but the right to jury trial. Failure to "meaningfully inform" a defendant that he or she is waiving the right to jury trial is plain error. *State v. Porterfield*, 11th Dist. Trumbull No. 2002-T-0045, 2004-Ohio-520, ¶23.

{¶5}    However, the state points to this court's decision in *State v. Gibson*, 11th Dist. Portage No. 2005-P-0066, 2006-Ohio-4182, in which the trial court informed the defendant he was waving his right to trial, not jury trial – but the written plea agreement contained the correct warning.  This court stated:

{¶6}    "In the case at bar, appellant's signed July 30, 2004 written plea of guilty clearly stated his right to a trial by jury.  However, at the plea and sentencing hearing, the trial court did not use the word 'jury' when referencing appellant's constitutional rights.  Specifically, the trial judge asked appellant if he understood that he was 'giving up (his) right to a trial when (he) plead(ed) guilty(.)' Appellant responded in the affirmative.  The trial judge explained to appellant that he would 'give up the right to confront, cross-examine and subpoena witnesses (* * *) (and) also relieve the State the burden of proving (his) guilt beyond a reasonable doubt at a trial where (he) could not be compelled to testify(.)' Appellant stated that he understood.

{¶7}    "The record here demonstrates that the trial court 'meaningfully informed' appellant as to his rights in a manner which allowed the trial court to determine that he understood the waiver of such rights." *Id.* at ¶15-16.

{¶8}    However, in the recent case of *State v. Ralston*, 11th Dist. Portage No. 2017-P-0095, 2018-Ohio-4946, ¶9, this court held:

{¶9}    "In order to satisfy constitutional due process, there must be some actual indication the trial court orally mentioned a jury would be involved were the matter tried.  This does not necessarily mean the reference to a jury must overtly advise a defendant she has a right to a jury trial which she would be waiving by pleading guilty; nevertheless, the reference or statement must meaningfully inform a defendant of the right in a

3

reasonably intelligible fashion. For instance, * * * if a court states it would 'instruct the jury' that a defendant's decision not to testify cannot be used against that defendant, it stands to reason that the defendant has a right to have a jury consider the merits of the charges he or she is facing. * * * Likewise, when a court advises a defendant that the state will have to prove all elements of the charge(s) to the unanimous satisfaction of a jury, it necessarily follows that the defendant would be entitled to a jury trial if he or she elected to so proceed. * * * In this case, there was simply no reference to appellant's constitutional right to a jury. As such, we cannot conclude appellant had even implicit notice that she was entitled to a trial by jury and thus we cannot conclude she knowingly, intelligently, and voluntarily waived." (Internal citations omitted.)

{¶10} Further, in *Ralston*, at ¶13, this court held:

{¶11} "*Gibson*, * * * [was] decided before [*State v.*] *Veney* [120 Ohio St.3d 176, 2008-Ohio-5200]. In light of the express requirement that a court must orally inform a defendant of his or her constitutional rights and cannot rely exclusively on 'other sources' to meet its obligations, we conclude [*Gibson* is] inconsistent with controlling precedent."

{¶12} This argument has merit.

{¶13} Mr. Antoine also contends the trial court erred by failing to inform him he had a constitutional right to appeal, and have appellate counsel appointed for him.

{¶14} We agree it was error for the trial court to fail to inform Mr. Antoine he had a right to appeal. However, this error was cured when this court granted his motion for delayed appeal. And while Ohio grants both a constitutional right and a statutory right of appeal to criminal defendants, it makes no provision in the constitution for appointment of appellate counsel in cases like this one.

4

{¶15} This argument lacks merit.

{¶16} The judgment of the Portage County Court of Common Pleas is reversed and remanded for further proceeding consistent with this opinion.

THOMAS R. WRIGHT, P.J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶17} I respectfully dissent and would affirm the validity of Antoine's guilty plea for the reasons stated in my dissent in *State v. Ralston,* 11th Dist. Portage No. 2017-P-0095, 2018-Ohio-4946, ¶ 17-24 (Grendell, J., dissenting). The mere fact that the trial court judge failed to qualify the right to a trial being waived as a right to a *jury* trial does not undermine the knowing, intelligent, and voluntary nature of the plea itself. In the Written Plea of Guilty, signed by Antoine, he acknowledged his intention to waive his "right to a jury trial" by pleading guilty. Any ambiguity about the nature of the trial being waived was thus mitigated. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, paragraph two of the syllabus ("[a]n alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, ***including the written plea***") (emphasis added).

{¶18} Accordingly, I dissent and would affirm the decision of the court below.

5