[Cite as *State v. McDaniel*, 2020-Ohio-7003.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-P-0098** |
| WOODY A. MCDANIEL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2017 CR 00440.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Rick L. Ferrara*, 2077 East 4th Street, 2nd Floor, Cleveland, OH 44115 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Woody A. McDaniel, appeals his convictions for two counts of Rape following the entry of guilty pleas in the Portage County Court of Common Pleas. For the following reasons, we affirm the convictions.

{¶2} On May 19, 2017, McDaniel was indicted on eight counts of Rape, felonies of the first degree in violation of R.C. 2907.02(A)(1)(b) ("[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * *, when * * * [t]he other person is less than thirteen years of age"); eight counts of Sexual Battery, felonies of the

second degree in violation of R.C. 2907.03(A)(5) ("[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person"); and eight counts of Gross Sexual Imposition, felonies of the third degree in violation of R.C. 2907.05(A)(4) ("[n]o person shall have sexual contact with another, not the spouse of the offender * * *, when * * * [t]he other person * * * is less than thirteen years of age").

{¶3} On August 7, 2017, McDaniel executed a WAIVER OF TRIAL BY JURY which provided:

> I, <u>Woody A. McDaniel</u>, Defendant in the [present] cause, having been arraigned and having had opportunity to consult with counsel, in open Court hereby voluntarily waive and relinquish my rights to a jury, and elect to be tried by a Judge of the Court in which the said case may be pending.
>
> I fully understand that under the laws of this State, I have a constitutional right to a trial by jury.

{¶4} On the same date, McDaniel entered a WRITTEN PLEA OF GUILTY to one count of Rape as charged in the Indictment, and a second count of Rape being a felony of the first degree in violation of R.C. 2907.02(A)(2) ("[n]o person shall engage in sexual conduct with another when the offender compels the other person to submit by force or threat of force"). The written plea contained the following acknowledgement:

> I have been informed by my Attorney and by the Judge that by pleading guilty I waive the following Constitutional Rights and I understand these rights and it is my intention to waive them:
>
> (a) My right to a jury trial.

{¶5} At the change of plea hearing, the trial court judge advised McDaniel:

> By entering these pleas of guilty, you're giving up your right to a trial.

At that trial the prosecutor would have to prove beyond a reasonable doubt each and every element of the charges against you. Your attorneys could then cross-examine and confront the witnesses who come in to testify for the State of Ohio, you could subpoena or compel witnesses, have them come in and testify for you and you can take the stand at that trial if you chose to do so. You have a constitutional right not to testify, but if you wanted to you could, that along with those rights to trial you're giving up by entering these pleas of guilty; do you understand that?

McDaniel answered in the affirmative.

{¶6} On October 2, 2017, a sentencing hearing was held. The trial court, for each Rape count, sentenced McDaniel to life in prison with parole eligibility after fifteen years and ordered the sentences to be served consecutively.

{¶7} On October 4, 2017, the trial court memorialized McDaniel's sentence in an Order and Journal Entry.

{¶8} On December 21, 2017, McDaniel filed a Motion for Leave to File Delayed Appeal, which this court granted on February 20, 2018. On appeal he raises the following assignment of error:

{¶9} "The trial court erred when it accepted appellant's plea without first determining that appellant entered the plea knowingly, intelligently, and voluntarily pursuant to Ohio's Crim.R. 11."

{¶10} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). The trial judge has the responsibility of "canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence."

3

*Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

{¶11} To ensure compliance with the constitutional mandates, Criminal Rule 11 was adopted. The Rule provides that "the court shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * [i]nforming the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c); *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus ("[p]rior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses").

{¶12} In construing the requirements of Criminal Rule 11(C)(2)(c), the Ohio Supreme Court has insisted upon strict, but not literal, compliance. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 29. "Failure to use the exact language contained in Crim.R. 11(C), in informing a criminal defendant of his constitutional right to a trial and the constitutional rights related to such trial, including the right to trial by jury, is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant." *Ballard* at paragraph two of the syllabus; *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 17 ("[w]e have never mandated that a trial court use particular words in order to comply with Crim.R. 11(C)(2)(c)").

4

{¶13} In the present case, the trial court's failure to advise McDaniel of a right he had already waived and no longer possessed could have had no effect on the voluntary and intelligent character of his plea. On the same day that he entered his guilty plea, McDaniel attested, in open court, that he unequivocally waived his right to be tried by a jury in favor of a bench trial. Given this unique circumstance, no legitimate interest is served by reversing the plea. To reverse on the grounds that the court failed to specify a jury trial "would be to elevate formalistic litany of constitutional rights over the substance of the dialogue between the trial court and the accused," something the Ohio Supreme Court has professed itself "unwilling to do." *Ballard* at 480; *Hamilton v. Brown*, 1 Ohio App.3d 165, 170, 440 N.E.2d 554 (12th Dist.1981) ("[i]n all such inquiries, '[m]atters of reality, and not mere ritual, should be controlling'") (citation omitted) (Castle, P.J., concurring).

{¶14} We acknowledge that prior decisions of this court – *State v. Ralston*, 2018-Ohio-4946, 126 N.E.3d 234 (11th Dist.); *State v. Antoine*, 11th Dist. Portage No. 2018-P-0009, 2019-Ohio-414 – have reversed guilty pleas where the trial court advised the defendant during the plea colloquy that he was waiving the right to "trial" without mention of the qualifier "jury." These cases are distinguishable in that the defendants therein had not expressly and independently waived their right to a jury trial in favor of a bench trial. McDaniel's waiver is not challenged on appeal and so its validity must be accepted. To willfully ignore the existence of this waiver or its effect on the knowing and intelligent character of his plea in the present case would be to disregard the totality of the circumstances in which it was rendered. Neither law nor sense require us to do so.

{¶15} The sole assignment of error is without merit.

5

{¶16} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, accepting McDaniel's guilty pleas, is affirmed. Costs to be taxed against the appellant.

CYNTHIA WESTCOTT RICE, J., concurs,

THOMAS R. WRIGHT, J., dissents with a Dissenting Opinion.

_____

THOMAS R. WRIGHT, J., dissents with a Dissenting Opinion.

{¶17} In felony cases, a trial court shall not accept a guilty plea without first *personally addressing* the defendant and informing and determining that the defendant understands that *by entering the plea* the defendant is waiving, among other things, the right to a jury. Crim.R. 11(C)(2)(c).

{¶18} Personally means "* * * that a specified person and no other is involved in something." Oxford University Press, definition of personally, https://www.lexico.com/en/definition/personally (accessed Nov. 24, 2020). Addressing means to "[s]peak to (a person or an assembly), typically in a formal way." Oxford University Press, definition of address, https://www.lexico.com/en/definition/address (accessed Nov. 24, 2020).

{¶19} Rules of construction dictate that words not otherwise defined, and with no acquired particular meaning, as here, are to be afforded their plain and ordinary meaning; *Vossman v. AirNet Sys., Inc*, 159 Ohio St. 3d 529, 532, 2020-Ohio-872, 152 N.E.3d 232,

6

citing *Great Lakes Bar Control, Inc. v. Testa*, 156 Ohio St.3d 199, 2018-Ohio-5207, 124 N.E.3d 803, ¶ 8; that the expression of one thing is to the exclusion of all others; *State v. Droste*, 83 Ohio St. 3d 36, 39, 697 N.E.2d 620, (1998); and that language is not to be added or deleted. *Howard v. Miami Twp. Fire Div.*, 119 Ohio St.3d 1, 2008-Ohio-2792, 891 N.E.2d 311, ¶ 20; *Columbia Gas Transm. Corp. v. Levin,* 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 19.

{¶20} Applying these unassailable principles yields but one conclusion: the rule requires a real-time discussion between the judge and the defendant, and a writing doesn't cut it. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621; *State v. Ralston*, 2018-Ohio-4946, 126 N.E.3d 234 (11th Dist.); *State v. Thompson*, 11th Dist. Portage Nos. 2018-P-0076 and 2018-P-0077, 2019-Ohio-5407, *appeal not allowed*, 158 Ohio St.3d 1511, 2020-Ohio-2815, 144 N.E.3d 462. When, as here, a trial court fails to personally inform the defendant that by entering the plea he is waiving his right to a jury, the plea is invalid, and reversal is required. *Id*.

{¶21} I dissent.