**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Vossman v. AirNet Sys., Inc.*, **Slip Opinion No. 2020-Ohio-872.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-872

VOSSMAN, APPELLANT, *v*. AIRNET SYSTEMS, INC., ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Vossman v. AirNet Sys., Inc.*, Slip Opinion No. 2020-Ohio-872.]**

*R.C. 2303.21 does not authorize a party to recover the cost of deposition transcripts used in support of a motion for summary judgment.*

(No. 2017-1688—Submitted April 23, 2019—Decided March 12, 2020.)

APPEAL from the Court of Appeals for Franklin County, No. 16AP-739, 2017-Ohio-2872.

_____

**DEWINE, J.**

{¶ 1} A prevailing party in a civil lawsuit is ordinarily entitled to recover court costs. *See* Civ.R. 54(D). The question here is whether the cost of procuring deposition transcripts used in support of a motion for summary judgment may be recovered as part of these costs. R.C. 2303.21 provides that when it is necessary in a civil action "to procure a transcript of a * * * proceeding, * * * the expense of

procuring such transcript * * * shall be taxed in the bill of costs and recovered as in other cases." So, to decide if the cost of the deposition transcripts is recoverable, we need to figure out if a deposition used in support of a motion for summary judgment is a "proceeding" under the statute.

{¶ 2} We conclude that a discovery deposition conducted outside the presence of a judge is not a proceeding within the meaning of R.C. 2303.21 and thus the cost of procuring the transcript of such a deposition may not be recovered as a cost under Civ.R. 54(D). Both the trial court and the court of appeals concluded that the cost of deposition transcripts was recoverable. Because we see it differently, we reverse the court of appeals' judgment.

## I. The trial court awards costs of procuring deposition transcripts

{¶ 3} The relevant facts are straightforward. In 2011, Dan Vossman, sued his former employers, AirNet Systems, Inc., Quinn Hamon, and Thomas Schaner (collectively, "AirNet"), for age discrimination. Over the course of litigation, the parties took five depositions: four of AirNet employees and one of Vossman. AirNet filed a motion for summary judgment. In support of its motion, AirNet cited to the transcripts of several depositions of its employees, and it filed portions of the transcripts with the court. After the trial court granted AirNet's summary-judgment motion, AirNet, relying upon R.C. 2303.21, moved to recover the cost of procuring the deposition transcripts. The trial court found the motion to be well founded and awarded AirNet $3,641.70 in costs.

{¶ 4} Vossman appealed. He argued that the trial court erred in awarding deposition-transcript expenses as costs. 2017-Ohio-2872, ¶ 2. He specifically relied on passages from our decision in *Williamson v. Ameritech Corp.* stating that there is no general or specific statutory basis for a court to award deposition expenses to a prevailing party. 81 Ohio St.3d 342, 343, 691 N.E.2d 288 (1998). The Tenth District Court of Appeals was unpersuaded. Noting that *Williamson* dealt with R.C. 2319.27, not R.C. 2303.21, the court found that the case was not

applicable. It affirmed the award of costs, observing that other courts of appeals have held that R.C. 2303.21 permits the recovery of the cost of procuring deposition transcripts.

{¶ 5} Vossman appealed to this court, and we now address whether deposition transcript costs are recoverable under Civ.R. 54(D) and R.C. 2303.21.

## II. R.C. 2303.21 does not allow the expense of procuring deposition transcripts to be taxed as a cost

### A. There must be a statutory basis to include an item as a cost

{¶ 6} Civ.R. 54(D) provides the general rule that "costs shall be allowed to the prevailing party unless the court directs otherwise." We have noted that costs are generally understood to include "the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." *Benda v. Fana*, 10 Ohio St.2d 259, 227 N.E.2d 197 (1967), paragraph one of the syllabus.

{¶ 7} The categories of expenses that qualify as "costs" are limited because the "subject of costs is one entirely of statutory allowance and control," *State ex rel. Michaels v. Morse*, 165 Ohio St. 599, 607, 138 N.E.2d 660 (1956); *accord Vance v. Roedersheimer*, 64 Ohio St.3d 552, 555, 597 N.E.2d 153 (1992), quoting *Michaels* at 607. It is necessary, therefore, to tie an award of costs to a statutory provision. *Williamson,* 81 Ohio St.3d at 344, 691 N.E.2d 288.

{¶ 8} To support its request for the cost of procuring the deposition transcripts, AirNet looks to R.C. 2303.21. That provision reads:

> When it is necessary in an appeal, or other civil action to procure a transcript of a judgment or proceeding, or exemplification of a record, as evidence in such action or for any other purpose, the expense of procuring such transcript or exemplification shall be taxed in the bill of costs and recovered as in other cases.

**{¶ 9}** AirNet argues that a deposition transcript constitutes a transcript of a "proceeding" and asserts that because the transcripts were "necessary" to its motion for summary judgment, the cost of procuring the deposition transcripts is recoverable under the statute. Vossman pushes back on such a reading. He contends that a deposition is not a "proceeding" within the meaning of the statute and insists that *Williamson* forecloses any award for the cost of procuring deposition transcripts.

*B.* Williamson *is not controlling*

**{¶ 10}** Before we get to the dispute about the proper interpretation of R.C. 2303.21, we take up the *Williamson* case. 81 Ohio St.3d 342, 691 N.E.2d 288. The issue in *Williamson* was whether a different statute, R.C. 2319.27, provided a basis for awarding deposition expenses as costs. That statute deals generally with the fees and expenses a court reporter may charge for taking a deposition. We found nothing in the statute that would provide the necessary "statutory authorization to tax and include deposition costs in a judgment." *Williamson* at 344. Thus, we held that "*R.C. 2319.27* does not provide a statutory basis for taxing the services of a court reporter at a deposition as costs under *Civ.R. 54(D).*" (Emphasis added.) *Id.* at syllabus.

**{¶ 11}** Vossman plucks a single sentence from *Williamson*: "Here, unlike [in] *In re Election of November 6, 1990 for the Office of Attorney General of Ohio* [62 Ohio St.3d 1, 577 N.E.2d 343 (1991)], there is no statute authorizing the deposition expenses to be taxed and included in the judgment." *Id.* at 345. Based on this sentence, he argues that our precedent requires that we rule in his favor. In doing so, he overreads *Williamson*. When the opinion is read in its entirety, it is clear that the court was deciding only the issue in front of it—whether deposition expenses were recoverable under R.C. 2319.27. Both the syllabus of the case ("*R.C. 2319.27* does not provide a statutory basis for taxing the services of a court

reporter at a deposition as costs under *Civ.R. 54(D)*" [emphasis added]) and the conclusion ("We conclude that *R.C. 2319.27* does not provide a statutory basis for taxing the services of a court reporter at a deposition as costs under *Civ.R.54(D)*" [emphasis added]) make this explicit. *Id.* at 345, syllabus.

{¶ 12} Having concluded that *Williamson* does not control the answer to the question before us, we move on to assess the proper interpretation of R.C. 2303.21.

*C. A deposition conducted outside the presence of a judge is not a proceeding within the meaning of R.C. 2303.21*

{¶ 13} What we are left with is essentially a linguistic dispute over whether a deposition is a proceeding under R.C. 2303.21. Vossman advances a narrow view of "proceeding" as " 'the form and manner of conducting juridical business before a court or judicial officer.' " Vossman's brief, quoting *Black's Law Dictionary* 1368 (Rev. 4th Ed.1968). AirNet disagrees, and based on decisions from several courts of appeals, argues that a deposition is a proceeding.

{¶ 14} The General Assembly did not define "proceeding" in R.C. 2303.21. Generally, we read undefined terms as having their plain and ordinary meaning. *Great Lakes Bar Control, Inc. v. Testa*, 156 Ohio St.3d 199, 2018-Ohio-5207, 124 N.E.3d 803, ¶ 8. If words have accrued a particular meaning, though, we construe them accordingly. R.C. 1.42. In interpreting a statute, we do not look at each word in isolation but rather consider the text as a whole. *Great Lakes Bar Control* at ¶ 9, 11.

{¶ 15} We have observed that the term "proceeding" is sometimes used as a technical legal term with a "peculiar and appropriate meaning in law"; other times, it is " 'a very comprehensive term, and may have different meanings, according to the context and the subject to which it relates, such as by its combination with other words and phrases which vary its ordinary meaning.' " *Zangerle v. Evatt*, 139 Ohio St. 563, 570, 41 N.E.2d 369 (1942), quoting 1 Corpus Juris Secundum, Actions, Section 1, at 954.

{¶ 16} The subject to which R.C. 2303.21 pertains—when the expense of procuring transcripts may be taxed as a cost—is quintessentially a lawyerly concern. Thus, it makes sense to consider the specialized legal meaning of the words in the statute in determining its legal effect. *See Cheng Fan Kwok v. Immigration & Naturalization Serv.*, 392 U.S. 206, 212, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968), citing Felix Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Colum.L.Rev. 527, 536 (1947) (statutes addressed to "specialists * * * must be read by judges with the minds of the specialists").

{¶ 17} The statute in question was originally enacted in 1859, 56 Ohio Laws 39, and though there have been some minor modifications to its wording since then, the essential terms have remained the same. A basic principle of statutory construction is that words in a statute should be interpreted based on their meaning at the time of enactment—to do otherwise would amount to judicial amendment outside of the legislative process. *New Prime Inc. v. Oliveira*, __ U.S. __, __, 139 S.Ct. 532, 539, 202 L.Ed.2d 536 (2019).

{¶ 18} As a preliminary matter, law dictionaries from the second half of the 19th century support the conclusion that in the legal context, the term "proceeding" was primarily used to describe activity before a judicial officer. For instance, the 1860 version of Burrill's legal dictionary defines "proceeding" as follows: "In practice. A going on in form of law; an act done in form of law, as before a court or judicial officer; a judicial act, directed against persons or property, and contemplating some ultimate remedial object." 2 Burrill, *Law Dictionary and Glossary* 340 (2d Ed.1860). The first edition of *Black's Law Dictionary,* published in 1891, defines a proceeding as "[i]n a general sense, the form and manner of conducting juridical business before a court or judicial officer * * *. In a more particular sense, any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object." *Id.* at 946.

{¶ 19} Looking to the statutory context also supports the conclusion that a transcript of a proceeding means a transcript of matters presented to a court or other adjudicative body. Within the statute, the word "proceeding" occurs in a list that includes two other items, "judgment" and "exemplification of a record." Under the rule of interpretation known as noscitur a sociis, words that are listed together should be understood in the same general sense. *In re Application of Middletown Coke Co.*, 127 Ohio St.3d 348, 2010-Ohio-5725, 939 N.E.2d 1210, ¶ 36 (Lundberg Stratton, J., dissenting). The former Code of Civil Procedure of Ohio, which was enacted in 1853 and in effect at the time the statute at issue herein was passed, defined both "judgment" and "record." Section 370 of that code defined "judgment" as "the final determination of the rights of the parties in an action." 51 Ohio Laws 57, 118. "Record" was defined in Section 390 as being made up of "the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court." 51 Ohio Laws at 121. In short, both a transcript of a judgment and an exemplification of a record document what transpired in the court or other adjudicative body. The rule of noscitur a sociis suggests then that R.C. 2303.21's reference to a transcript of a proceeding should be understood in a similar manner.

{¶ 20} The conclusion that under the statute a transcript of a proceeding documents what happened in the court is further supported by the fact that elsewhere in the Code of Civil Procedure in place in 1859, the phrase "transcript of a proceeding" refers to components of the court's record. Section 517 of the former Code of Civil Procedure states that in a proceeding in error—i.e., an appeal—"[t]he plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified." 51 Ohio Laws at 146. Cases from the era further support this conclusion; when they use the phrase "transcript of the proceedings," they refer to matters before a court or other adjudicative body. *See, e.g., Job v. Harlan*, 13 Ohio St. 485, 489-490 (1862);

*Stanley v. State*, 23 Ohio St. 581 (1873); *Godfred v. Godfred*, 30 Ohio St. 53, 57 (1876).

{¶ 21} It is worth noting that in 1859, there was nothing analogous to modern discovery procedures. To be sure, the Code of Civil Procedure in place at the time had a procedure called a deposition. *See* Section 334 of the former Code of Civil Procedure, 51 Ohio Laws at 111. But its use was limited to gathering evidence that would be used in lieu of live trial testimony. And parties were restricted in their ability to use depositions; Section 338 of the former Code of Civil Procedure allowed a deposition to be used only when a witness lived outside the county in which the action was pending, or when the witness was elderly or infirm or imprisoned and unable to attend the trial, or under certain specified procedural postures. 51 Ohio Laws 112. When a deposition was taken, it could be read into evidence at trial, and, like any other testimony, would thereby become part of the proceedings before the court. *See* Sections 348-349 of the former Code of Civil Procedure, 51 Ohio Laws 115. But nothing like today's modern discovery deposition was part of the litigation process at the time of the measure's original enactment.

{¶ 22} In short, available historical indicators suggest that as understood in 1859, when the disputed provision became part of the revised code, the legal effect of the provision was to allow the recovery of costs related to documenting the acts that transpired in a court or other adjudicative body. The statute did not allow for recovery of costs associated with the general procuring of evidence.

{¶ 23} The dissenting opinion disagrees and makes some gestures in support of the conclusion that one might permissibly refer to a deposition as a proceeding, or at least a part of one. But the question we must ask is not how the word "proceeding" might be used in the abstract but, rather, what that word means in the context of R.C. 2303.21. Based on traditional principles of statutory

construction, the better interpretation is that the word "proceeding" in R.C. 2303.21 refers to matters before a court or other adjudicative body.[1]

### III. Conclusion

{¶ 24} A deposition conducted outside the presence of a judge is not a proceeding within the meaning of R.C. 2303.21. Thus, R.C. 2303.21 does not provide statutory authority for a party to recover the cost of deposition transcripts used in support of a motion for summary judgment. For that reason, we reverse the court of appeals' judgment and remand the matter to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

KENNEDY, FRENCH, DONNELLY, and STEWART, JJ., concur.

O'CONNOR, C.J., concurs in judgment only.

FISCHER, J., dissents, with an opinion.

_____

**FISCHER, J., dissenting.**

{¶ 25} Respectfully, I disagree with the majority opinion because I think that a deposition falls within the meaning of the word "proceeding" as it is used in R.C. 2303.21.

{¶ 26} R.C. 2303.21 provides: "When it is necessary in an appeal, or other civil action to procure a *transcript of a* judgment or *proceeding*, or exemplification of a record, as evidence in such action or for any other purpose, the expense of procuring such transcript or exemplification shall be taxed in the bill of costs and recovered as in other cases." (Emphasis added.)

---

1. The decontextualized dicta from an 1887 trial-court opinion quoted in the dissenting opinion does little to cast doubt on that conclusion, especially since that case makes no reference to the statutory language at issue here.

{¶ 27} In interpreting this provision, the majority opinion concludes that a deposition is not a proceeding, because in 1859 the word "proceeding" meant an activity "before a court" or "before a judicial officer." Majority opinion at ¶ 17, 18. Reasoning that there was nothing similar to modern discovery procedures back then, the majority opinion goes on to conclude that the cost of procuring deposition transcripts used as evidence in support of a motion for summary judgment is not recoverable now under R.C. 2303.21. I disagree with the majority opinion's understanding of the history and the conclusion it draws from that understanding.

{¶ 28} Long before the current Rules of Civil Procedure were adopted by this court, the General Assembly enacted a Code of Civil Procedure. *See An Act to Establish a Code of Civil Procedure*, 51 Ohio Laws 57 et seq. (effective 1853). Those laws provided that the testimony of witnesses may be taken by deposition. Section 332, 51 Ohio Laws at 111.

{¶ 29} Notably, under the former Code of Civil Procedure, depositions had to be "taken by an *officer* or person whose authority [was] derived within the State." (Emphasis added.) Section 340, 51 Ohio Laws at 112-113. The people who were considered officers authorized to take depositions at the time included "a judge or clerk of the supreme court, the court of common pleas, or probate judge, * * * a justice of the peace, * * *, or any person empowered by a special commission." *Id.* Only courts or judges, it is worth pointing out, could grant commissions to take depositions. Section 343, 51 Ohio Laws at 113.

{¶ 30} Next, and perhaps most importantly, the laws at the time seem to indicate that a deposition was very much a part of the proceeding: "When a deposition has been once taken, it may be read in any stage of *the same action or proceeding,* * * * subject however to all such exceptions as may be taken thereto under the provisions of this title [Title X of the Code of Civil Procedure (Evidence)]." (Emphasis added.) Section 349, 51 Ohio Laws at 114.

{¶ 31} And what of the cost?  The cost was recoverable if the deposition was used.  *See Shaw v. Ohio Edison Installation Co.*, 9 Ohio Dec.Rep. 809, 812 (Super.Ct.1887) ("If [the deposition] is not used at all, then the party taking it must pay the costs").

{¶ 32} Thus, while the use of depositions has since expanded and the procedures for taking depositions have been relaxed, it stands to reason that the cost of procuring a deposition transcript used as evidence should still be recoverable. After all, a deposition is just as much a part of the proceeding today as it was in the 1800s.  *See* Civ.R. 28(A) (specifying who may take a deposition, including "a person appointed by the court in which the action is pending") and Civ.R. 30; *see also* Comment 1 to Prof.Cond.R. 3.3 (titled "Candor Toward the Tribunal") ("This rule governs the conduct of a lawyer who is representing a client in the proceedings of a tribunal. * * * It also applies when the lawyer is representing a client in an ancillary proceeding conducted pursuant to the tribunal's adjudicative authority, such as a deposition").

{¶ 33} Accordingly, I would hold that the cost of procuring deposition transcripts used as evidence in support of a motion for summary judgment is recoverable as a cost under Civ.R. 54(D) and R.C. 2303.21, and I would affirm the judgment of the Tenth District Court of Appeals in this case.

{¶ 34} For these reasons, I respectfully dissent.

_____

Law Offices of Russell A. Kelm, Russell A. Kelm, and Ian M. King, for appellant.

Vorys, Sater, Seymour & Pease, L.L.P., David A. Campbell, and Gregory C. Scheiderer, for appellees.

Advocates for Basic Legal Equality, Inc., and Heather L. Hall, urging reversal for amicus curiae, Advocates for Basic Legal Equality, Inc.

_____