[Cite as *Pettay v. DeVry Univ., Inc.*, 2020-Ohio-7010.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Tom G. Pettay,                               :

    Plaintiff-Appellant,          :            No. 20AP-71
                                                         (C.P.C. No. 16CV-9365)
v.                                          :
                                                         (REGULAR CALENDAR)
DeVry University, Inc. et al.,              :

    Defendants-Appellees.          :

---

D E C I S I O N

Rendered on December 31, 2020

---

**On brief**: *Law Offices of Russell A. Kelm, Russell A. Kelm*, and *Ian M. King*, for appellant. **Argued:** *Russell A. Kelm.*

**On brief**: *Seyfarth Shaw LLP, Jennifer A. Riley*, and *James C. Goodfellow* (pro hac vice); *Zashin & Rich Co., L.P.A.*, and *Drew C. Piersall*, for appellees. **Argued:** *Jennifer A. Riley.*

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1}   This is an appeal by plaintiff-appellant, Tom A. Pettay, from a judgment of the Franklin County Court of Common Pleas granting the motion for taxation of costs filed by defendants-appellees, DeVry University, Inc. (individually "DeVry"), Galen Graham, Marilyn Wiggam, and Darryl Field.

{¶ 2}   On September 30, 2016, appellant filed a complaint against appellees alleging age discrimination in violation of R.C. 4112.02 and 4112.99.  In the complaint, appellant alleged his position as a professor with DeVry was eliminated due to a reduction in force ("RIF"), and that the RIF had a disparate impact on employees at DeVry over the age of 40.

{¶ 3}   On January 12, 2018, appellees filed a motion for summary judgment.  On June 25, 2018, appellant filed a memorandum in opposition to the motion.  On October 7,

2019, the trial court filed a decision and entry granting appellees' motion for summary judgment.[1]

{¶ 4}    On October 16, 2019, appellees filed a motion for taxation of costs against appellant for expenses associated with deposition transcripts submitted in support of the summary judgment motion.  On October 18, 2019, appellant filed a memorandum in opposition to the motion.  On January 16, 2020, the trial court issued a decision and entry granting appellees' motion for taxation of costs against appellant, relying on this court's decision in *Vossman v. AirNet Sys., Inc.,* 10th Dist. No. 16AP-739, 2017-Ohio-2872 (hereafter "*Vossman I*").  The trial court awarded costs to appellees in the amount of $4,004.39.

{¶ 5}    On February 4, 2020, appellant filed a notice of appeal from the trial court's decision and entry granting appellees' motion for taxation of costs.  On April 27, 2020, appellees filed with this court a motion to remand appellant's appeal as to costs; specifically, appellees' motion requested a remand of appellant's appeal of the trial court's January 16, 2020 order awarding costs to appellees "so that the trial court may exercise jurisdiction to vacate its judgment" pursuant to Civ.R. 60(B)(4).  (Appellees' Mot. to Remand Appeal at 1.)

{¶ 6}    In their memorandum in support, appellees noted that, shortly after appellant filed his brief in the instant appeal (March 12, 2020), the Supreme Court of Ohio issued its decision in *Vossman v. Airnet Sys., Inc.*, 159 Ohio St.3d 529, 2020-Ohio-872 (hereafter "*Vossman II*"), reversing the decision relied on by the trial court in this case in support of granting appellees' motion for taxation of costs.  Appellees argued that, in light of the Supreme Court's intervening decision, they "have filed a Notice of the Supreme Court's decision in *Vossman* [*II*] with the trial court, stipulating that the trial court's January 16, 2020 Order * * * should be vacated pursuant to [Civ.R.] 60(B)(4) and providing a proposed order for that purpose."  (Appellees' Mot. to Remand Appeal at 3.)

{¶ 7}    Appellant subsequently filed a memorandum in opposition to appellees' motion to remand appellant's appeal as to costs.  By entry filed May 8, 2020, this court

---

[1] Appellant has filed a separate appeal from the trial court's grant of summary judgment which is currently pending before this court (case No. 19AP-762).  Although the appeals in 19AP-762 and the instant case (case No. 20AP-71) have not been consolidated, this court issued an order coordinating the two appeals for purposes of oral argument.

determined appellees' motion to remand appellant's appeal as to costs "shall be submitted to the court at such time as the court determines the merits of this appeal."

{¶ 8}    On appeal, appellant sets forth the following single assignment of error for this court's review:

> THE TRIAL COURT ERRED IN AWARDING DEPOSITION TRANSCRIPT EXPENSES AS COSTS UNDER CIVIL RULE 54(D).

{¶ 9}    Under his single assignment of error, appellant argues the trial court erred in awarding deposition transcript expenses as taxable costs under Civ.R. 54(D).  Appellant maintains the trial court may not award costs under Civ.R. 54(D) that are not authorized by statute.

{¶ 10}  As noted under the facts, in granting appellees' motion for taxation of costs, the trial court relied on this court's decision in *Vossman I*, a case in which we affirmed an award of deposition transcript expenses to a party as necessary costs in support of their motion for summary judgment.  On April 25, 2018, the Supreme Court granted a discretionary appeal in *Vossman I*, and that appeal was still pending for decision before the Supreme Court at the time appellant filed his notice of appeal in the instant case from the trial court's January 16, 2020 decision.  We further note that appellant's initial appellate brief in the present case was filed two days prior to the release of the Supreme Court's decision in *Vossman II*.

{¶ 11}  In *Vossman II*, the Supreme Court reversed this court's decision in *Vossman I*, holding in relevant part that "[a] deposition conducted outside the presence of a judge is not a proceeding within the meaning of R.C. 2303.21," and therefore the statute "does not provide statutory authority for a party to recover the cost of deposition transcripts used in support of a motion for summary judgment."   *Vossman II* at ¶ 24.

{¶ 12}  We initially address appellees' motion to remand appellant's appeal as to costs, in which appellees acknowledge the recent decision in *Vossman II.*  As stated above, appellees represent in their motion that they have filed with the trial court a notice of the Supreme Court's decision in *Vossman II.*  According to appellees, "[t]he most efficient way to dispose of the appeal on costs * * * is to remand this matter to the trial court so that the trial court may properly vacate its Order pursuant to Ohio R. Civ. P. 60(B)(4) consistent with the Supreme Court's decision in *Vossman.*"  (Appellees' Mot. to Remand Appeal at 4.)

{¶ 13} In his memorandum in opposition to appellees' motion, appellant initially argues there does not appear to be authority for the filing by appellees in the trial court of their notice of intervening authority and stipulation for vacatur of the judgment awarding costs; more specifically, appellant asserts the Rules of Civil Procedure do not allow a party to sua sponte issue a notice to vacate a judgment awarding costs to themselves. Appellant further argues Ohio case law does not permit the filing of a motion for Civ.R. 60(B) relief where there has been a change in controlling law in an unrelated proceeding.

{¶ 14} On review, we find unpersuasive appellees' request that this court remand appellant's appeal to the trial court in order for that court to presumably vacate its decision under Civ.R. 60(B)(4). As noted by appellant, the Supreme Court has held that "[a] subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ.R. 60(B)." *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph one of the syllabus. The rationale for the holding in *Doe* is that there is a "strong interest in finality of judgments." *Id.* at 131. The Supreme Court in *Doe* further observed that "relief under Civ.R. 60(B)(4), '* * * is limited to cases in which the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel," and "[i]t does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed.' " *Id.* at fn. 2, quoting *Wright & Miller, Federal Practice and Procedure* (1973) 204, Section 2863.

{¶ 15} In the present case, the trial court has entered a final judgment on the issue of deposition transcript costs, for which appellant has filed a timely appeal. The matter is properly before this court for decision, and appellees' motion to remand appellant's appeal as to costs for the trial court to vacate its order pursuant to Civ.R. 60(B)(4) is denied.

{¶ 16} We therefore proceed to the merits of appellant's appeal. In their motion for taxation of costs filed with the trial court, appellees argued they were entitled to costs for deposition transcripts in support of the motion for summary judgment pursuant to Civ.R. 54(D) and R.C. 2303.21.

{¶ 17} Civ.R. 54(D) governs the award of costs, and states: "Except when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." R.C. 2303.21 pertains to transcript expenses, and states: "When it is necessary in an appeal, or other civil action to procure a

transcript of a judgment or proceeding, or exemplification of a record, as evidence in such action or for any other purpose, the expense of procuring such transcript or exemplification shall be taxed in the bill of costs and recovered as in other cases."

{¶ 18} In the instant case, appellees argued in their motion for costs before the trial court that, pursuant to R.C. 2303.21, the court was required to tax as costs "the expenses incurred in procuring the transcript of any proceeding in a civil action that is used for any purpose." (Appellees' Mot. for Taxation of Costs at 1.) As noted previously, the trial court granted appellees' motion for taxation of costs based on this court's decision in *Vossman I.* Specifically, the trial court held that "the *Vossman* decision's interpretation of the express provision in R.C. 2303.21 allowing the costs of procuring transcripts overrides this Court's ability to exercise discretion in the taxing of such costs." (Decision & Entry on Mot. for Taxation of Costs at 2.)

{¶ 19} As further noted, subsequent to the filing of appellant's initial brief in the appeal in this case, the Supreme Court reversed this court's decision in *Vossman I*, holding that "a discovery deposition conducted outside the presence of a judge is not a proceeding within the meaning of R.C. 2303.21 and, thus, the cost of procuring the transcript of such a deposition may not be recovered as a cost under Civ.R. 54(D)." *Vossman II* at ¶ 2.

{¶ 20} The Supreme Court's decision in *Vossman II* settles the issue of whether R.C. 2303.21 provides statutory authority for a party to recover the cost of deposition transcripts used in support of a motion for summary judgment. Because such costs are not permissible, we sustain appellant's assignment of error and reverse the trial court's decision granting appellees' motion for taxation of costs.

{¶ 21} Based on the foregoing, appellant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this decision. Further, appellees' motion to remand appellant's appeal as to costs for the trial court to vacate its order pursuant to Civ.R. 60(B)(4) is denied.

*Judgment reversed and cause remanded;*
*Appellees' Motion to Remand Appeal as to Costs denied.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.

_____