[Cite as *Anthony v. Columbus City Schools*, 2021-Ohio-3241.]

| | |
|---|---|
| SUMMER ANTHONY | Case No. 2021-00069PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION</u> |
| COLUMBUS CITY SCHOOLS | |
| Respondent | |

{¶1} Respondent objects to a portion of a Special Master's Report and Recommendation in this public-records case. Respondent's objections are not well taken.

## I.    Background

{¶2} On February 8, 2021, pursuant to R.C. 2743. 75(D), Requester Summer Anthony filed a complaint against Respondent Columbus City Schools (CCC) wherein she alleged that CCC denied her access to public records in violation of R.C. 149.43(B). The Clerk of this Court appointed a special master who referred the case to mediation. After mediation concluded, a mediator advised, "As a result of the mediation, all requests have been resolved except the following: 'records of the last three years (17-18, 18-19, 19-20) of the number of teachers absent in each building each month and the number that had substitute coverage for the absences. I would like this information for ALL Columbus City Elementary Schools, specifically Como ES.'" The case was returned to the Special Master's docket. CCC moved to dismiss the complaint on grounds that Anthony's public-records request had been fulfilled.

{¶3} On August 2, 2021, the Special Master issued a Report and Recommendation (R&R). The Special Master recommends denying CCC's motion to dismiss since the matter had been fully briefed and CCS's argument had been

subsumed in CCS's defense on the merits.   (R&R, 2.)   The Special Master has concluded:

> The evidence before the court demonstrates that respondent keeps a data management system containing data responsive to the request, but the requested dataset cannot be produced without export for additional manual and electronic data manipulation not available in the database software. Accordingly, the special master recommends the court deny the claim for production of records. The special master further recommends the court find that respondent violated R.C. 149.43(B)(1) by failing to respond to the request within a reasonable period of time. It is recommended the court order court costs be assessed equally between the parties.

(R&R, 9.)

{¶4} Anthony did not file timely written objections to the R&R.   However, CCC has filed timely written objections to the R&R.   Anthony has filed a timely written response to CCC's objections.

## II.     Law and Analysis

{¶5} R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation.  Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested.  The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶6} Although CCC's objections and Anthony's response to the objections are timely filed, neither the objections nor the response complies with requirements contained in R.C. 2743.75(F)(2). CCC's objections fail to comply with R.C. 2743.75(F)(2) because, according to the certificate of service accompanying the objections, CCC's counsel certified that he sent a copy of CCC's objections "by ordinary U.S. Mail, postage prepaid"—not by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2). Although Anthony certified that a copy of the document was "mail[ed]" to "Columbus City Schools" and "emailed" to CCC's counsel, Anthony does not indicate that she mailed her objections by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2). Moreover, Anthony certified that she mailed her objections to Respondent—not Respondent's counsel. *See* Civ.R. 5(B)(1) ("[i]f a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party"); *see also* R.C. 2743.03(D) (providing that the "Rules of Civil Procedure shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter"). Additionally, R.C. 2743.75(F)(2) does not permit service by means of email.

{¶7} The procedures and time frames mandated by the General Assembly in R.C. 2743.75(F)(2) embody the legislature's policy considerations as to the special proceeding established in R.C. 2743.75 pertaining to alleged violations of the Ohio Public Records Act. *See Kish v. City of Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 44 (reaffirming that the General Assembly "is the ultimate arbiter of policy considerations relevant to public-records laws"); *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11 ("[t]he enactment of R.C. 2743.75 created an alternative means to resolve public-records dispute"). A plain reading of R.C. 2743.75(F)(2) shows that the statute does not contain a provision that affords discretion to disregard R.C. 2743.75(F)(2)'s procedural requirements regarding the filing of objections to a report and recommendation and

responses to an objection.   R.C. 2743.75(F)(2)'s procedures and time frames are not aspirational.

{¶8} Pursuant to R.C. 2743.75(F), any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection."  CCS states that its objections "are limited to that portion of the Report where the Special Master finds that CCS denied Ms. Anthony's public records request because it was overly broad, that CCS failed to respond to Ms. Anthony's request within a reasonable time, and that 'court costs be assessed equally between the parties.'"  CCC asks the Court to sustain its objections and "find that Ms. Anthony is solely responsible for the payment of court costs in this matter."

{¶9} CCS presents four objections for the Court's consideration:

1. **CCS objects to the Special Master's statement that CCS eventually denied Ms. Anthony's request because it was overbroad.**

2. **CCS objects to the Special Master's finding that CCS was obligated to provide Ms. Anthony with its database maintenance and access information and a copy of its internal computer user manual.**

3. **CCS objects to the Special Master's finding that CCS did not respond to Ms. Anthony's public records request within a reasonable period of time "[b]ased on the minimal time necessary to evaluate" whether SEMS could produce the requested records.**

4. **CCS objects to the Special Master's reliance on *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, and *Snyder-Hill v. Ohio State Univ.*, Ct. of Cl. No. 2020-00308PQ, 2020-Ohio-4957, for**

**the proposition that CCS untimely responded to Ms. Anthony's public record request.**

{¶10} The Ohio Supreme Court has held, "In order to support reversal of a judgment, the record must show affirmatively not only that error intervened but that such error was to the prejudice of the party seeking such reversal." *Smith v. Flesher*, 12 Ohio St.2d 107, 233 N.E.2d 137 (1967), paragraph one of the syllabus. *Accord Bonner v. Bonner*, 3d Dist. Union No. 14-05-26, 2005-Ohio-6173, ¶ 18 ("[a] judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant"). The Special Master has recommended denying Anthony's claim for production of records. (R&R, 9.) Thus, the Special Master essentially has recommended that the Court rule in favor of CCC on the issue of production of records. The Special Master's recommendation on the claim of production of records therefore fails to prejudice CCC. In the first and second objections, CCC does not challenge the Special Master's recommended denial of Anthony's claim for production of records. Rather, CCC challenges some of the Special Master's statements in support of that recommendation. See Objections at 3 (Objection No. 2) ("In effect, the Special Master seems to suggest that CCS should have given Ms. Anthony a tutorial of the dataset capabilities of SEMS, or provide Ms. Anthony with CCS's 334-page internal user manual for retrieving information from SEMS. The Special Master assumes that Ms. Anthony was unfamiliar with the SEMS system. However, at all times, Ms. Anthony maintained that she was familiar with the SEMS system capabilities").

{¶11} It is unnecessary for the Court to rewrite the Report and Recommendation when (1) the Special Master's recommendation on the issue of production of records causes CCC to suffer no prejudice, (2) certain statements in support of the recommendation may have been misinterpreted by CCC, and (3) some misinterpreted statements may be dicta. *See Gerhold v. Papathanasion*, 130 Ohio St. 342, 346, 199

N.E. 353 (1936) ("the law does not require the performance of a vain act"); *Nelnet, Inc. v. Rauch*, 10th Dist. Franklin No. 18AP-555, 2019-Ohio-561, ¶ 10, quoting *Black's Law Dictionary* 1240 (10th Ed.2014) (defining "obiter dictum" as "'[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential'").

{¶12} Objection No. 1 and Objection No. 2 are not well taken.

{¶13} CCC's remaining objections concern whether the Special Master prejudicially erred (1) when the Special Master concluded that CCC violated R.C. 149.43(B)(1) by failing to respond to Anthony's request within a reasonable period of time, and (2) when the Special Master recommended an equal apportionment of court costs between the parties.

{¶14} Pursuant to R.C. 149.43(B)(1), "[u]pon request and subject to [R.C. 149.43(B)(8)], all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours." According to R.C. 149.43(B)(2),

> If a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request but shall provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.

Under R.C. 149.43(B)(3), "[i]f a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record shall

provide the requester with an explanation, including legal authority, setting forth why the request was denied. If the initial request was provided in writing, the explanation also shall be provided to the requester in writing."

{¶15} In the R&R the Special Master states, "CCS does not deny that in the five weeks between Anthony's request and the filing of the complaint, it neither provided records nor offered the required 'explanation including legal authority' for why they were denied. On February 15, 2021, CCS denied the request based on non-existence of the requested SEMS output. (Response, Attachment 3.)" (R&R, 8.) CCC does not appear to dispute that it failed to respond to Anthony's request within five weeks, notwithstanding CCC's complaints about the legal authority cited by the Special Master to support the recommendation that CCC failed to timely respond. Under Ohio law whether a public office or a person responsible for a requested public record has promptly responded to a public-records request is based on the circumstances of each case. *See State ex rel. Consumer News Servs. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 37 (in customary usage the term "promptly" means without delay and with reasonable speed and its meaning depends largely on the facts in each case). Notably, the Ohio Supreme Court has remarked, "No pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time." *State ex rel. Beacon Journal Pub. Co. v. Andrews*, 48 Ohio St.2d 283, 289, 358 N.E.2d 565 (1976). The Court concludes that the Special Master's determination as to the timeliness of CCC's response to Anthony's request is not error.

{¶16} With respect to the issue of court costs, the Ohio Supreme Court has explained, "By being involved in court proceedings, any litigant, by implied

contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment." *Strattman v. Studt,* 20 Ohio St.2d 95, 103, 253 N.E.2d 749 (1969). The R&R establishes, and this Court confirms, that neither party wholly prevailed in this public-records case. A recommendation for an equal apportionment of court costs is equitable.[1] *See Vossman v. Airnet Sys., Inc.,* 159 Ohio St.3d 529, 2020-Ohio-872, 152 N.E.3d 232, ¶ 6 ("Civ.R. 54(D) provides the general rule that 'costs shall be allowed to the prevailing party unless the court directs otherwise'").

{¶17} CCC's third and fourth objections are not well taken.

Notably, R.C. 2743.75(F)(3) provides,

> If the court of claims determines that the public office or person responsible for the public records denied the aggrieved person access to the public records in violation of [R.C. 149.43(B)] and if no appeal from the court's final order is taken under division (G) of this section, both of the following apply:
>
> (a) The public office or the person responsible for the public records shall permit the aggrieved person to inspect or receive copies of the public records that the court requires to be disclosed in its order.
>
> (b) The aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the

---

[1] In Anthony's response to CCC's objections, Anthony asks the Court to "find the Columbus City School district solely responsible for payment of court costs, and reimbursement to Ms. Anthony for fees paid for filing a claim under violation in R.C 149(B)(2), in this matter." (Response.) Anthony failed to timely object to the Special Master's recommended apportionment of court costs. Thus, any objection by Anthony to the recommended apportionment of court costs is not properly before the Court. *See* R.C. 2743.75(F)(2) ("[e]ither party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested"). *See also State ex rel. Fuller v. Mengel,* 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept of Job & Family Servs.,* 145 Ohio App. 3d 651, 654, 763 N.E.2d 1238 (2001) ("'[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel'").

filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the aggrieved person, but shall not be entitled to recover attorney's fees, except that division (G)(2) of this section applies if an appeal is taken under division (G)(1) of this section.

Here, as Anthony has not prevailed on the issue of production of records, R.C. 2743.75(F)(3)(a) does not apply in this instance. But, as Anthony has prevailed on the issue that CCC failed to timely respond to Anthony's request under R.C. 149.43(B), R.C. 2743.75(F)(3)(b) does apply. The Court finds that Anthony, as an aggrieved person, is entitled to recover from CCC the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by her, but she is not entitled to recover attorney fees.

### III.    Conclusion

{¶18} For reasons set forth above, the Court overrules CCC's objections and the Court adopts the Special Master's R&R.

PATRICK E. SHEERAN
Judge

[Cite as *Anthony v. Columbus City Schools*, 2021-Ohio-3241.]

| | |
|---|---|
| SUMMER ANTHONY | Case No. 2021-00069PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>JUDGMENT ENTRY</u> |
| COLUMBUS CITY SCHOOLS | |
| Respondent | |

{¶19} For reasons set forth in the Decision filed herewith, the Court OVERRULES Respondent's objections. The Court adopts the Special Master's Report and Recommendation. Judgement is rendered, in part, in favor of Requester and rendered, in part, in favor of Respondent. Court costs are assessed equally to Requester and Respondent. Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by her, but she is not entitled to recover attorney fees. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

Filed August 31, 2021
Sent to S.C. Reporter 9/17/21