[Cite as *Pettay v. Adtalem Global Edn., Inc.*, 2022-Ohio-3015.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tom A. Pettay, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 21AP-508<br>(C.P.C. No. 20CV-3267) |
| Adtalem Global Education, Inc. et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on August 30, 2022

**On brief:** *Law Offices of Russell A. Kelm*, and *Russell A. Kelm*, for appellant.

**On brief:** *Seyfarth Shaw LLP, Jennifer A. Riley, Emily C. Kesler*; *Zashin & Rich Co., L.P.A.*, and *Drew C. Piersall*, for appellees. **Argued:** *Emily C. Kesler*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Tom A. Pettay, appeals a judgment of the Franklin County Court of Common Pleas that dismissed the complaint he filed against defendants-appellees, Adtalem Global Education, Inc.; Cogswell Education, LLC; Galen H. Graham; Marilyn K. Wiggam; and Darryl W. Field. For the following reasons, we reverse that judgment in part and remand this case to the trial court for further proceedings.

{¶ 2} On May 19, 2020, Pettay filed a complaint alleging a claim against all defendants for retaliation in violation of R.C. 4112.02(I) and former R.C. 4112.99, and a claim that defendants Cogswell, Graham, Wiggam, and Field aided and abetted retaliation in violation of R.C. 4112.02(J) and former R.C. 4112.99. According to his complaint, Pettay

initially asserted an age discrimination employment action against defendants in 2016, but lost on summary judgment.[1]  Following the grant of summary judgment to defendants, Pettay's counsel advised defendants' counsel that he

> always opposed the recovery of the costs of depositions and would do so to the Ohio Supreme Court level if necessary, that the issue [of whether a prevailing party could recover the cost of deposition transcripts] was presently before the Ohio Supreme Court awaiting decision in another case, and that it made no sense to spend $20,000 to $40,000 in legal fees to recover $4,000 in costs unless the true motive was retaliation.

(Compl. at ¶ 8.)  Nevertheless, defendants filed a motion asking the trial court to award them $4,004.39 for the cost of deposition transcripts used in support of summary judgment.  The trial court granted defendants' motion.  Pettay appealed the trial court's ruling awarding defendants the cost of the deposition transcripts to this court.

{¶ 3}  While Pettay's appeal was pending, the Supreme Court of Ohio decided *Vossman v. Airnet Sys., Inc.*, 159 Ohio St.3d 529, 2020-Ohio-872.  In *Vossman*, the Supreme Court held that the costs of deposition transcripts were not recoverable costs under Civ.R. 54(D) and R.C. 2303.21.  *Id.* at ¶ 2.  Pettay alleges that, in response to the *Vossman* decision, "defendants filed [three] motions in the trial and appellate courts, none of which had any sound basis in Ohio law, seeking to avoid a Court of Appeals reversal on this issue in the pending case."  (Compl. at ¶ 15.)

{¶ 4}  Pettay characterizes defendants' motions related to the costs issue as "frivolous."  *Id.* at ¶ 18.  Pettay contends that, even before *Vossman*, the Supreme Court had disallowed deposition transcript costs in *Williamson v. Ameritech Corp.*, 81 Ohio St.3d 342 (1998).  Finally, Pettay alleges that

> [t]here is no business reason why a party would spend tens of thousands of dollars to recover $4,000 in deposition transcript costs from an hourly warehouse worker, other than to retaliate by litigation against a former employee who had the audacity to file a discrimination case, and to try to make an example of him to discourage other prospective plaintiffs from asserting their rights, which could come at a considerable cost to them if they did so.

---

[1] To clarify, in the age discrimination employment action, Pettay sued the individual defendants and DeVry University, Inc., a wholly owned subsidiary of Adtalem.  The May 19, 2020 complaint states that Cogswell purchased DeVry from Adtalem in 2019.

(Compl. at ¶ 17.)

{¶ 5} In response to Pettay's complaint, defendants moved for a dismissal pursuant to Civ.R. 12(B)(6). In relevant part, defendants argued that Pettay could not establish all the elements necessary to prove retaliation because Pettay had no evidence that defendants took any adverse employment action against him. In the complaint, Pettay admitted that his employment had terminated in 2016, but the cost-related litigation did not occur until 2019 and 2020. Defendants argued that, as a former employee, Pettay could not show that the alleged retaliatory conduct adversely affected the terms and conditions of his employment.

{¶ 6} In a decision and entry issued October 4, 2021, the trial court granted defendants' motion and dismissed Pettay's complaint. Pettay now appeals that judgment, and he assigns the following error:

> THE TRIAL COURT ERRED IN HOLDING THAT THE ANTI-RETALIATION PROVISIONS OF R[.]C[.] 4112.02(I) DO NOT PROTECT FORMER EMPLOYEES.

{¶ 7} Initially, we must address defendants' argument that Pettay's assignment of error fails to actually challenge the trial court's holding. On appeal, Pettay contends the trial court erred in holding that R.C. 4119.02(I) does not protect former employees. The trial court held Pettay did not state a claim for retaliation because none of the alleged retaliatory actions could adversely affect the terms and conditions of his employment, given that he was no longer employed when those actions occurred. Comparing the assignment of error to the trial court's holding, we conclude that the assignment of error adequately contests the holding.

{¶ 8} A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Id*. at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. " '[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' " *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 5, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio

St.3d 143, 144 (1991). Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

{¶ 9} In the case at bar, Pettay argues that the trial court erred in dismissing his retaliation claim on the basis that the retaliation he alleged did not occur during his employment. We agree.

{¶ 10} To prove a claim a retaliation in violation of R.C. 4112.02(I), a plaintiff must demonstrate: "(1) [he] engaged in a protected activity, (2) the defending party was aware that the [plaintiff] had engaged in that activity, (3) the defending party took an adverse employment action against the employee, and (4) there is a causal connection between the protected activity and adverse action." *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, ¶ 13. Although the third element requires proof of an "adverse employment action," the Supreme Court of Ohio interprets "adverse employment action" extremely broadly in relation to retaliation claims. As the Supreme Court explained, "the adverse action need not be employment-related, so the filing of a lawsuit or a counterclaim can constitute an adverse employment action * * *." *Id*. at ¶ 13, fn. 2. In so holding, the Supreme Court followed *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), which held that Title VII's antiretaliation provision "is not limited to discriminatory actions that affect the terms and conditions of employment." *Id*. at 64. Rather, "[t]he scope of [that] antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." *Id*. at 67.

{¶ 11} Given the holding in *Greer-Burger*, the filing of a motion for costs and the subsequent litigation regarding that motion may constitute an adverse employment action, even though that litigation occurred years after the employee was terminated. The trial court, therefore, erred in granting defendants' motion to dismiss Pettay's claim for retaliation in violation of R.C. 4112.02(I) and former R.C. 4112.99. Accordingly, we sustain Pettay's sole assignment of error.

{¶ 12} Defendants urge us to affirm the trial court's judgment on three different grounds that the trial court did not address in its decision. We decline to address those alternative grounds in the first instance. "[A]n appellate court limits its review to issues actually decided by the trial court in its judgment." *Lycan v. Cleveland*, 146 Ohio St.3d 29,

2016-Ohio-422, ¶ 21; *accord Young v. Univ. of Akron*, 10th Dist. No. 06AP-1022, 2007-Ohio-4663, ¶ 22 ("Generally, appellate courts do not address issues which the trial court declined to consider."); *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 935 (10th Dist.2000) ("Appellate courts also do not address issues that the trial court declined to consider. * * * In such a situation, the appellate court should reserve judgment until such time as the undecided issues are considered by the trial court and that decision is appealed."). We leave it to the trial court to first determine the merits of defendants' arguments if defendants choose to assert those arguments on remand.

{¶ 13} For the foregoing reasons, we sustain Pettay's sole assignment of error, and we reverse the October 4, 2021 judgment to the extent that it dismissed Pettay's claim for retaliation in violation of R.C. 4112.02(I) and former R.C. 4112.99. We remand this matter to the Franklin County Court of Common Pleas for further proceedings consistent with law and this decision.

*Judgment reversed in part;*
*cause remanded.*

BEATTY BLUNT and MENTEL, JJ., concur.

––––––––––